FILED
SUPERIOR COURT
OF GUAM

2020 DEC 18 PM 3: 37

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0600-20 |
|---|---|
| vs. | **DECISION AND ORDER** |
| KIMBERT MURITOK aka Kimbert Kastor aka Kimbert Thomas Kastor aka Kimmy,<br><br>Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on December 18, 2020, for remote hearing on Defendant Kimbert Muritok aka Kimbert Kastor aka Kimbert Thomas Kastor aka Kimmy's ("Defendant") Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 40.50 for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present via Zoom from the Department of Corrections, with counsel Assistant Public Defender Jocelyn Roden, and Assistant Attorney General Leonardo Rapadas was present on behalf of the People of Guam. In accordance with its ruling from the bench, the Court hereby issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On November 30, 2020, Defendant was charged with (1) Burglary (As a Second Degree Felony); (2) Family Violence (As a Third Degree Felony); and (3) Attempted Fourth Degree

Criminal Sexual Conduct (As a Misdemeanor). (Magistrate's Compl., Nov. 30, 2020). These charges stem from allegations that Defendant, on or about November 28, 2020, entered his ex-girlfriend's residence through the bathroom window, after refusing to leave and being locked out of the residence earlier. (Decl. of Christine Santos Tenorio, Magistrate's Compl., Nov. 30, 2020). Defendant mounted the victim and straddled her, sitting on her stomach, and put his hands around her neck causing her to have difficulty breathing. *Id.* Defendant then yelled accusations at the victim. *Id.* The victim pleaded with Defendant, telling him that she did not want to die. *Id.* Defendant stated he did not care. *Id.* Defendant then attempted to sexually assault her, but the victim was able to hold his wrists. *Id.* The victim's minor daughter then entered the residence and was told by the victim to call the police. *Id.* Defendant told the minor that he would break her teeth if she called the police." *Id.* When Guam Police Department Officers arrived at the scene, they were flagged down by the minor who told them that Defendant and the victim were in the bedroom. *Id.* As the officers approached the bedroom, they immediately heard a female crying through the bedroom door. *Id.* Officers then observed the victim partially naked and sobbing, and Defendant had his leg draped over the victim. *Id.*

Defendant remains confined on a five thousand dollar ($5,000.00) cash bail. *See* Commitment Order, Nov. 30, 2020.

The Government did not file a written opposition to Defendant's Motion for Bail Redetermination, but indicated its opposition to the Motion orally.

### DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the five thousand dollar ($5,00.00) cash bail. *See generally*, Mot. Bail Redetermination, Dec. 4, 2020.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the

Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

(i) length of his/her residence on Guam;

(ii) his/her employment status and history, and financial condition;

(iii) his/her family ties and relationships;

(iv) his/her reputation, character and mental and physical condition;

(v) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

(vi) his/her history relating to drug or alcohol abuse;

(vii) the identity of the reasonable members of the community who will vouch for his/her reliability;

(viii) whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

(ix) his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he return to custody at specific times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a U.S. citizen and can live with his parents away from the alleged victim. (Mot. Bail Redetermination at 2-3). Defendant acknowledges that he has another pretrial family violence case, CF0239-20, but sets forth that the victim is not the same alleged victim as the instant matter, and does not live with Defendant's parents. *Id.*

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with safety of the community, Defendant's ability to exert self-control and his ability to follow court orders. In this matter, it is alleged that Defendant, even after being told to leave, entered the residence through the bathroom window and then mounted the victim and put his hands around her neck to strangle her and attempted to sexually assault her. (Decl. of Christine Santos Tenorio, Magistrate's Compl., Nov. 30, 2020). Defendant also threatened a minor child during the events that he would break her teeth if she called the police. *Id.* The Court finds these allegations

extremely serious, and notes that strangulation is one of the most lethal forms of domestic violence.

Further, at the time of the alleged offenses in the instant matter, Defendant was on pretrial release in CF0239-20. In CF0239-20, Defendant is charged with Terrorizing (As a Third Degree Felony) and Family Violence (As a Misdemeanor). *See* Magistrate's Compl., CF0239-20, May 4, 2020. Although the alleged victim in CF0239-20 is different from the alleged victims in the instant matter, Defendant was placed on house arrest and ordered to check in with probation weekly. *See* Order of Conditional Release and Appearance Bond, CF0239-20, May 18, 2020. On July 1, 2020, Probation filed a 1st Violation Report in CF0239-20, indicating that Defendant failed to report weekly, that his telephone number was disconnected, and that he was placed on house arrest but that it was unknown where he was residing. (1st Violation Report, CF0239-20, Jul. 1, 2020). All of these factors compounded together present great concerns for the Court as to Defendant's ability to stay within the confines of the law.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns at this time. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians or release on electronic monitoring in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination.

**IT IS SO ORDERED** this 18th day of December, 2020.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
AG NPD SC

Date: 12/18/20 Time: 3:38pm
*Cynthia T. Tiong*
Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Muritok*
Case No. CF0600-20
Decision and Order